**FILED**

**01/04/2021**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
Roger A.G. Sharpe, Clerk

Complaint under §1983 or Bivens Action

## UNITED STATES DISTRICT COURT

__Southern__ DIVISION at __Indiana__

CIVIL ACTION NO. _____    (Court Clerk will supply)

__Brian D. Broadfield__
PLAINTIFF

2:21-cv-0008-JPH-DLP

VS:
Warden Brian Lammer, Warden Thomas Watson,
Correctional Officer Klepz ;

Correctional Officer Cox,                   (do not use "et al.",

Terre Haute Property officer;          enter full names)

Correctional Officer Harold

Smith; Lieutenent James Lotz;

The Attorney General of the

United States ; and The Director

of the Bureau of Prisons

Demand for Jury Trial:
Yes ( x ) No (___)

I Plaintiff,  A. Name (list any aliases): __Brian Dwayne Broadfield .__

B. Prisoner ID #: __18618-026__  Check one: Convicted __X__  Pretrial Detainee _____

C. Place of present confinement: __F.C.I Oakdale (1)__

D. Address: __P.o Box 5000 Oakdale , Lā 71463__

II.    Defendant(s): (additional defendants may be listed on a separate sheet of paper)

A. Defendant's Name: __(First Name) Unknown  (last Name) Klepz__
   Title or Position: __Correctional Officer__
   Place of Employment: __Federal Correctional Institution Terre Haute__

B. Defendant's Name: __(First Name) Unknown (Last Name) Cox__
   Title or Position: __Correctional Officer " Property Officer"__
   Place of Employment: __Federal Correctional Institution Terre Haute__

Page 1 of 8

, Complaint under §1983 or Bivens Action

C. Defendant's Name:   (First Name) Harold (Last Name) Smith

Title or Position:   C.M.S  , Federal Prison Camp Maintance Supervisor

Place of Employment:   Federal Correctional Institution Terre Haute

D.   Defendant's Name: (First Name) James , (Last Name) Lotz

Title or Position: (SHU Lieutenant) Federal Correctional Institution

Place of Employment: Federal Correctional Institution Terre Haute

E.   Defendant's Name: (first Name) William , (Last Name) Barr

Title or Position: Attorney General of the United States

Place of Employment: Office of The Attorney General Washington ,D.C

## III.   Statement of Claim:

Below you should state the FACTS of your case.   You don't need to make legal arguments or refer to any cases or statutes.

If you wish to allege a number of related claims, write out each claim in a separate numbered paragraph.  (If you need more space, you may attach extra sheets).

A.  What happened?  Explain specifically what each Defendant did or failed to do.

" SEE ATTACHED FACTS AND CLAIMS ON EACH DEFENDANT"

B. What happend? Explain specifically what each Defendant did or failed to do.

" SEE ATTACHED FACTS AND CLAIMS ON EACH DEFENDANT"

C. What happend? Explain specifically what each defendant did or failed to do.

" SEE ATTACHED FACTS AND CLAIMS ON EACH DEFENDANT"

Page 2 (a)

F. Defendant's Name:  (First Name) Micheal, (Last Name)  Carvajal

Title or Position: Director of the Bureau of Prisons

Place of Employment:  320 first st Washington D.C

G. Defendants name:  (First Name) Brian, (Last Name) Lammer

Title or Posistion  Warden of Terre Haute F.C.I

Place of Employment  4200 bureau road tTerre Haute ,IN

H. Defendants name:  (First Name) Thomas, (Last Name) Watson

Title or Posistion:  Complex Warden Terre Haute F.C.C

Place of Employment:  4300 bureau road terre Haute In

Complaint under §1983 or Bivens Action

D. What happend? Explain specifically what each Defendant did or failed to do.

" SEE ATTACHED FACTS AND CLAIMS ON EACH DEFENDANT"

E. What happened? Explain specificall what each Defendant did or did failed to do.

" SEE ATTACHED FACTS AND CLAIMS ON EACH DEFENDANT"

F. What happend? Explain specifically what each defendant did or failed to do.

" SEE ATTACHED FACTS AND CLAIMES ON EACH DEFENDANT"

B.  When did these events happen?

These events happened at the Federal Correctional Institution, and Federal Prison Camp begining in the fall of 2017 and continuing untill October 1 , 2020

<u>EXAUSTION OF ADMINISTRATIVE REMEDIES</u>

**Continued From Page 4**

On March 9, 2018 I began to exaust my administrative remedies on staff retaliation and harrassment through the Sensitive Submission procedures outlined in Program statement 1330.18 chapter 8 (d) (1), the remedies were rejected , saying the issue raised was not sensitive, this barrior was over come as the initial retaliation claims had also made fraud , waste, and abuse claims against a Uknown Warden of the facility also, I appealed the rejection to The Bureau of prisons Central office and it was further denied for the same reason (See Exhibit (c)(1)),..

At this point in the harassment and retaliation I kept contacting internal affairs at the institution, Central office, and the O.I.G of the issues, Officer Harold smith Continued to retaliate and harass me for the next two years plus, I repeatedly imformed S.I.A, The Wardens Of the institution, / via Email proceedures, and in writing, I also filed several sensitive remedies directly to the Warden of the  Institution That were failed to be logged into the administrative  remedy index system or answered (See exhibit e-1), (See also) <u>Taylor V. Gilbert 2019 U.S Dist lexis 54025 March 28, 2019</u> . " granting The exaustion of remedies were the remedy was rejected upon the filing of a senistive submission Under P.S 1330.18 Chapter 8 (d)(1)"..Broadfields attempt on November 11, 2019 went unanswered By the Warden  (See exhibits c-2 and d-5, Broadfield went to the (shu) on January, 21,2020 on a unrelated incident, and the Staff Officer cox, and LT. James Lotz refused to let Broadfield get Exhibit D-5 out of his property Before Officer Smiths retaliation so He could filed the failure or the Wardens Response on the 11-11-2019 sensitive remedy under P.s 1330.18 Chapter 12 states that **" if a inmate does not recieve a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level".** This Chapter clearly demonstrates that an inmate can appeal to the next level of the remedy process with out a response if the  request  at that level the inmate can "proceed to the next level with out the previous level's response attached" so any rejection of Administrative remedies for failure to attach the wardens response is not a valid excuse for rejection. Specifically Broadfield began Filing several remedies at the institutional level "Terre Haute"  That were not answered (See exhibit D-4)

1

and   (exhibit E-2). Broadfield began filing these remedies in April of 2020 for various issues , one sensitive remedy on Officer Smith for retaliating against him (See exhibit C-2) this went unanswered, Broadfield filed several other remedies that were not answered, Including the remedy on officer Klepz that was not answered, Broadfield appealed the  the failure to respond to the remedies to the North west Regional Office who in turn rejected the remedies that he had appealed  to include the Excessive force remedy on Officer Klepz, and the retaliation remedy on Officer Smith , all these were rejected because they did not include the Wardens response, as is not required by P.s 1330.18 chapter 12.

After appealing the failure of the wardens response, and exausting his remedies on the nessasary remedies That were rejected for failing to attach the Wardens response, Broadfield obtained a administrative remedy index (Exhibit E-1 ) page  12 shows that no administrative remedies were logged in by the Administrative Remedy Coordinator  at Terre Haute between July of 2019 thru July of 2020, By the Plaintiff Broadfield,  Exhibits D-1 Thru D-5 clearly show that  B.p 9's were turned in at the institutional level. In fact Correctional Counsler T.Jensen Will confirm this If asked to suppy an affidavit, that  Broadfield had turned in several remedies to him in this time frame including the afforementioned ones. he would also confirm that the Administrative remedy forms are a controlled form and  the only way the inmate can aquire the forms is through a correctional counsler, or to turn them into a member of the Unit Team...

The plaintiff Brian Broadfield Has clearly followed the adminstrative remedy Guidelines set forth in Program Statement 1330.18 and has fully exausted his administrative remedies... The instututions failure to Provide a remedy process has enabled the plaintif to effective seek answers to the issues at bay and seek a resonable resolution. further The plaintiff is very familiar with the provisions of 42 U.S.C §1997e and the requirements of proper exaustion , and the requirements of proper exaustion under Program statement 1330.18 and has fully mades attempts to exaust the remedies, by policy,  therefore the Institutions failure to follow its own policy and log remedies and process them so the plaintiff can adaquately exaust his remedies has made the administrative remedy process unavailable to him... therefore the Plaintiff has fully exausted his administrative remedies....

2

Complaint under §1983 or Bivens Action

C.  Where did these events happen?

In the Bureau of Prisons facility at Terre Haute, being the Federal Correctional Institution, and the Federal Prison Camp.

D.  What rights under the Constitution, federal law, federal regulations, state law, or state regulations do you allege the Defendant(s) violated?  State the specific constitutional provision or law if you know it.

Voilation of Due Process Under the 5th and 14th amendment of the U.S Constitution: Cruel and unusual punishment Under the 8th amendment of the U.S Constitution; and deliberate indifference , Intential Infliction of emotional distress, Excessive Force, Retaliation.

IV.    Exhaustion of Administrative Remedies

A prisoner must complete all steps of the prison's grievance process before filing any lawsuit that relates to prison conditions.

A.  Federal Prisoners answer the following:

1.  Did you file a grievance regarding the facts in this Complaint under Bureau of Prisons regulations?  YES ( X ) NO (___)

2.  If so, did you (check ALL that apply):

    __x__ file a request or appeal to the Warden    __5-27-2020__ date
    __x__ appeal to the Regional Director    __8-06-2020__ date
    __x__ appeal to the Office of General Counsel    __9-03-2020__ date

"ADDITIONAL DATES AND ATTEMPTS WILL BE EXPLAINED IN DETAIL LATER"

3.  ATTACH a copy of each grievance or appeal form you filed and the prison's response(s) to each grievance or appeal.

Page 4 of 8

) Complaint under §1983 or Bivens Action

4.  What was the result? <u>failure to log remedies by staff ,failure to</u>
<u>respond by the warden and rejections outside of policy</u>
<u>Program Statement 1330.18 Chapter 12 respomse time, Remedy process</u>
<u>is unavailable, due to Violation of policy Chaptor 13 (a)</u>

5.  If you did not file a grievance, why not? _____
_____
_____
_____


B.  State Prisoners answer the following:

1.  Did you file a grievance regarding these facts under Kentucky Department
    of Corrections CPP 14.6 or an appeal of a disciplinary decision to the
    warden under CPP 15.6?        YES (____)  NO (____)

2.  If you filed a grievance under CPP 14.6, did you (check ALL that apply):

    _____ file a grievance and seek an informal resolution        _____ date
    _____ request a hearing from the Grievance Committee          _____ date
    _____ appeal to the Warden                                     _____ date
    _____ appeal to the Commissioner                               _____ date

    Did you file an appeal of a disciplinary decision to the warden under CPP 15.6?
              YES (____)  NO (____)
                                                        _____ date

3.  ATTACH a copy of each grievance or appeal form you filed and the
    prison's response(s) to each grievance or appeal.

4.  What was the result? _____
_____
_____
_____

5.  If you did not file a grievance, why not?
_____
_____
_____

Complaint under §1983 or Bivens Action

C.    County or City Prisoners answer the following:

1.  Is there a grievance/appeal policy at your jail?   YES (__) NO (__)
2.  ATTACH a copy of the grievance/appeal policy to your Complaint, if available.  If not, briefly describe the grievance/appeal policy below.

_____

_____

    3.  Did you file a grievance regarding these facts?   YES (__) NO (__)

    4.  If you filed a grievance:

    a.  What steps did you take to use the grievance process? _____

_____

_____

_____

_____

    b.  What was the result? _____

_____

_____

    c.  If unsuccessful, did you file an appeal?   YES (__) NO (__)

    d.  What was the result? _____

_____

_____

    e.  Did you take any further steps in the grievance process?

        YES (__) NO (__)        NO MORE AVAILABLE (__)

    f.  What was the result? _____

_____

_____

5.  If you did not file a grievance, why not?: _____

_____

_____

_____

_____

Complaint under §1983 or Bivens Action

V.    OTHER LAWSUITS

A.    Have you filed any other lawsuit dealing with the same facts raised in this action?   YES (___) NO ( X )

B.    If your answer to question A is YES, describe the lawsuit in the space below. If you filed more than one other lawsuit, provide the same information for each other lawsuit on additional sheets of paper.

1. PARTIES:

Plaintiff: _____

Defendant(s): _____

_____

_____

2. COURT: (name the district for a federal court, or the county for a state court)

_____

3. CASE NO.: _____   DATE FILED: _____

4. OUTCOME: (is the case still pending?  was it dismissed?  being appealed?)

_____

_____

5. DATE OF JUDGMENT, DISMISSAL, or APPEAL: _____

C.  List any other lawsuits that you have filed in any state or federal court:

1.  Plaintiff **Brian Broadfield** vs. Defendant(s) **Brian Mcgrath**

Court Name: **Central Dist of Illinois**   Case No.: **16-cv-1202**

Nature of Claim: **Excessive force**   Date Filed: **3-11-2016**

Outcome: **Settlement**   Date: **July 2019**

2.  Plaintiff **Brian Broadfield** vs. Defendant(s) **William Cox**

Court Name: **Central Dist of Illinois**   Case No.: **16-cv-1201**

Nature of Claim: **excessive force**   Date Filed: **3-11-2106**

Outcome: **dismissed**   Date: **Unknown**

Page 7 of 8

Complaint under §1983 or Bivens Action

3. Plaintiff **Brian Broadfield** vs. Defendant(s) **Dan Williams**

Court Name: **Central Dist of Illinois**        Case No.: **16-cv-1092**

Nature of Claim: **deliberate indifference**        Date Filed: **3-16-2106**

Outcome: **dismissed**        Date: **Unknown**

VI.    Relief:

State exactly what you want the Court to do for you.  You don't need to make legal arguments or refer to any cases or statutes, just explain what you want to happen if you prevail on your claim.

Compensitory and punitive damages awarded for the violations of my constitional rights, pain and suffering , Intential Infliction of emoitional Distress, retaliation, and harassment, In the amounts of $ 5,000,000 on each violation of rights and mental and physical damages...

VII.    Review this Form

Please take a moment to go back and review your responses to each of the questions. Immediately below you are required to certify under penalty of perjury that the information you have provided in this form is correct to the best of your knowledge, so please make sure that your responses fully and accurately explain your claim.

## CERTIFICATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_Brian Broadfield_  . _18618-026_        _12-18-20_
Signature of Plaintiff        Prison ID#        Date

Plaintiff's Address:    P.O Box 5000

Oakdale , La 71463

Page 8 of 8

## <u>CLAIM 1</u>

**Excessive Force, Cruel and unusual Punishment, Intential Infliction of Emotional Distress, and Deliberate Indifference to My Serious Medical needs..**

**"Defendant"** Terre Haute Correctional Officer Klepz.

On May 11, 2020 while attending a Unit Disciplinary Hearing for Disciplinary report # 3393275 , wrote by Harold Smith, Counsler T Jensen was conducting the hearing at the end of the hearing Counsler Jensen Got upset and said he was done at that time . During the hearing I was in hancuffs due to being in Administrative Detention at the time the handcuffs were placed on me behind my back. At the time C/O Klepz stood me up and grabbed my right arm with a firm grip, I turned my head to say something to  Counsler Jensen  Officer Klepz then <u>yanked my right arm very hard</u> and <u>very agressively shoved me forward</u>, when he did a pain shot down my back and I fell do to the  excessive force used by the Officer I hit my head on the floor blacking my eye, and injuring my back and cutting my wrists from the handcuffs, Psychology was then called by the (shu) Luietenant, a medical evaluation done and photographs taken of the injuries of the cuts on my wrists and my back and midsection.

Since the incident I have perminant scars on my wrists from the cuts  made by the handcuffs, have been in extreeme pain in my lower and middle back, and my anxiety , has been extreme while around staff..

## CLAIM 2

**Cruel and Unusaul Punishment, Intential Infliction Of Emotional Distress, Retaliation, Threats, Pain and Suffering, due process vi violations..**

**"Defendant"** Terre Haute Correctional Officer Harold Smith.

Begining in the fall of 2017 , on or about December 6, 2017 I mailed a complaint to the Office of Inspector General , and again on December 16 , 2017 I mailed another complaint about fraud , waste, theft and , abuse about various property being stolen from Federal Correctional Facility Terre Haute, including from the Federal Prison Camp Maintance and wood shop, the complaint contained allegations against , officers Reed ,and Smith maintance shop supervisors , an Inmate seen a copy of the complaint and told officer Reed , after this Inmates began to harass me, ( see attached correspondences to A.U.S.A Josh Minkler, Office of Inspector General, Government accountability Office, Government accountability project, and a sworn affidavit by me at the time. Exhibits B-1- B-5). At the time I filed Administrative remedies that were denied as the staff involved began to retaliate and harass me., on Decenber 26, 2017 the harassment by inmates begun to increase. I brought this to Counsler T. Jensens attention, and Psychology 's attention (see attached psycholoy reports A-1 & A-2 ).

Then on Febuary 8, 2018 Correctional officer harold Smith came to my room and begun to harass me Officers Smith ,Reed , And Stucky work at The Facilities Maintance dept and Garage at the Federal Prison Camp, Smith at that time asked me my name I told him, he then asked me if I was the one writing everyone up, he then steped out of the room, then back in he then asked the same questions then stated " I was just wondering what are you pissed at the world, been sniffing to much Glue, and then he left.. I then reported this to S.I.S, and called My mother

**CLAIM 2 page1of4**

and reported this to S.I.S and the O.I.G. Then on 2-16-2018 I was told by Inmate Micheal Bernick that Officer Stucky told him he had a problem with me, again I reported this, and called my mother on a recorded telephone  to document this as I felt that he was going to try to plant something.

One week later  Officers Reed , Stucky, and Smith had went to my unit and tore a wodden box off the wall and had a celluar phone when they came by the camp control station as I was talking to Counsler Nichols, Officer Smith Called Me a Punk and then told Counsler Nichols "look what I found" Counsler Nichols then asked him if he found the phone on some one Officer Smith Said No, but said he knew whos it was "insinuating it was my phone",  I again documented this on a recorded telephone line and to the O.I.G, and the Directors Office and the Assistant Directors Office and told my mother I thought these Officer were going to Try to plant something on me this was on Febuary 22, 2018, the next day I told Counsler Nichols I thought they were going to plant something on me , I called on the phone each time to make sure it was recorded and I had a record of it.

Then on March 1, 2018 I was in my room and Officers Stucky and Officer Major cam to my rom and told me to get out C/o Major patted me down , officer stucky act as if he was looking around my room, he then opened my cell mates locker then asked who the locked locker was , I said mine, he said unlock it, he then said I dont know why my name ever came out of your mouth, and as long as you keep Messing with me i will keep messing with you, once I unlocked my locker I steped out again, I and others were wacthing him he opened my locker and walked away, then C/O Major barely looked into my locker, and stucky flipped my matress and they left I locked my locker and went to go to dinner, I was in the hallway when C/O stucky came running back down the hall then said hold on went into my room and came right back out, by that time the camp administrator was in the hallway C/O Stucky said look what I found a phone the administrator said where did you find it he said under his mattress, I said that is not my phone

**CLAIM 2 page 2of4**

, I then tryed to explain what had been going on, we went down stairs as we were walking C/O Stucky tryed to hand the Phone to the Administrator she pushed it back and said write it up he stated that he had to get back to the shop, then tryed to give it to her again, she again pushed it back and said write it up he then stated that he dont even remember what mattress he found it under, after he had already told her he had found it in my matress , The Administrator left for the day.  C/o Stucky then told me again I dont know why my name came out of your mouth but as long as you keep messing with me i will keep messing with you, and if I leave him alone he will leave me alone, and that he was not going to write the phone up.

The next day I talked to the Administrator, and I had her contact S.I.A and I reported it to them Stucky found this out right away and had C/O Major write the Phone Up, But it was found out that I had recorded it on the phone that I thought they were going to plant something the Incident report went missing somehow, they captain had the phone they tried to plant but not the incident report. This was discovered on March 3, 2018.

Then On April 12, 2018 Officer smith came to my cell while i was sleeping and told my cell mate he was going to write me up, later that day I was waiting for school when Officer Smith Pulled up and motioned with his hands that he was going to write me up, I imeadiately reported this to the Camp Administrator and S.I.A I was told I could go to the (shu) in fear of my life, and they would do a threat assesment on me and transfer me, but it was my fear that if I was placed in the (shu) The will harm me as there is stories about the staff retaliating on people in the (shu), and that Officer smith had already found out that I had reported him to S.I.A.

Officer smith continued to harass me for the next two years in which i reported it to S.I.A and documented it, In the fall of 2019 I again reported Officer Smith to the Attorney Generals Office for theft, he was investigated for this. Then on November 11, 2019 he came and harassed , and retaliated on  me again by destroying my room, I again filed a remedy on

**CLAIM 2 page 3of4**

this, and reported this to S.I.S (see exhibits c-1, - c-3)
Shortly  after this in January 2020 I went to the (shu) for a
unrelated Incident report, On April 21, 2020 Officer Smith  was
working overtime
and came past my cell harassing me and said I knew you would still
be here  and started saying another one bites the dust, I then
I am not the one onder investigation for stealing government
property, he asked me again what I said and i repeated it he then
said I threatened to place a lien on his property and have a
private investgator follow him and he wrote me a  disciplinary
report for this, I was found guilty of the incident report but it
was later expundged on appeal.

Officer smiths continued retaliation and
harassment was documented  see the attached documents and
administrative remedies, and disciplinary report and attachments
and statement. the events lead to mental and emoitional suffering
excessive force being used on me a loss of good conduct credits
that have yet to be fully restored after the report was expundged
, cruel and unusual punishment, retaliation , threats, and much
more.

**CLAIM 2  page 4of4**

## CLAIM 3

Failure to protect, Intentional Infliction of Emotional Distress, Deliberate Indifference to my Serious medical needs, Violation of Due Process, Cruel and unusal Punishment.

"**Defendant**" Terre Haute (SHU) Leuitenant James Lotz.

On May 11 while attending a Unit Disciplinary Hearing for report # 3393275 four staff were present, Property Officer Cox, Federal Prison Camp Counsler T. Jensen, Correctional Officer Klepz, an (SHU) Leuitenant James Lotz, during the hearing Correctional Officer Klepz used Excessive force on me injuring my head, back , and wrists leaving a perminant scare on my right wrist see claim (1). During this time the imeadiate supervisor was Lt J. Lotz was present and failed to protect the excessive force used by Officer Klepz, Lt J. Lotz Knowing of my Current and past medical and mental health issues failed to act in a addaquate manor as Officer Klepz superior Officer, Further Lt J. Lotz failed to intervien when officer smith retaliated against me on April 21, 2020, Lt J.Lotz was the investigating officer and the (shu) Leuitenant during Incident Report # 3393275, Lt J. Lotz was notified of Officer Smiths repeated harassment and threats and retaliation against me, and that these instances were properly documented, and adressed. I had repeatedly asked Lt. J. Lotz to aquire, or let me aquire from the (shu) property room the documentary evidence on Officer Smith to present to the Disciplinary hearing officer, and for Lt. J. Lotz the Investigating Officer to investigat in relation to incident report # 3393275, Lt. J. Lotz failed to provide Due Process during his Investigation , also failing to intervien, Knowing the process in which the incident report was not followed and that the procedural rules were violated. During This time Intentional Infliction of Emotional Distress was inflicted, Extreeme Anxiety P.T.S.D as a result of injuries from the Excessive force, Wrongful Conviction of a Disciplinary Offense that was later expundged.

Since these incidents I have perminant scaring on my right wrist from the cuts made from the handcuffs, have been in extreme pain in my lower and middle back and my mental and emotional states have been in states of disaray while around staff...

## CLAIM 4

**Failure to Protect, Intential Infliction of Emotional Distress, Deliberate Indifference to my Serious Medical Needs, Violation of Due Process, Cruel an Unusual Punishment.**

**"Defendant"** Terre Haute (Property) Officer Cox.

On May 11, 2020 While Attending a unit Disciplinary Hearing for Disciplinary Report #3393275 (See Claim 1) Officer Cox Was present, he was assisting Officer Klepz when Officer Klepz went to return me to my cell while being in handcuffs, Officer Cox was close enough to stop Officer Klepz from using excessive force where he injured my Back, wrist and head. Officer Cox's Failure to interviene has caused me serious injury, anxiety, psysical, and mental pain and suffering, Officer Cox also failed to allow me due Process to retrieve legal exculpatory evidence aout of my property to prepare for the disciplinary hearing.

Since the incident I have perminant scars on my wrist from the Cuts made by the handcuffs, have been in extreme pain in my back and my anxiety is extreme when I am around staff.

## CLAIM 5

**Cruel and unusual punishment,  Pain and suffering,
Failure to protect, Deliberate Indifference to my Serious Medical needs,
Intential Infliction of emotional distress, Violation of Due Process**

**"Defendant"**    Terre Haute F.C.I Warden Brian Lammer, Mathew watson Complex Warden.
                   Begining in the fall of 2017 a Correctional Officer under
the supervision of warden Brian Lammer, Correctional Officer Harold Smith
Warden Lammer was Notified of Officer Smiths Retaliation, harassment, and threats
but failed to act,warden Lammer and S.I.S were notified that Officer Smith was
stealing government property The warden Failed to adress the report on either
the theft, or the retaliation and harassment,  this was in the fall of 2019,
Latter in the spring of 2020 Harold Smith Retaliated against me for reporting
the misconduct against him, (see claim 2) Mr. smith wrote a incident report that
was later expunged, but prior to the expungement I was found Guilty of Threats,
During a disciplinary Hearing Excessive force was used against me ( see claim 1),
This raised my security points to a medium security, Warden lammer the placed me
in a cell with a medium security inmate, when I was still classified as a minimum
security inmate, against policy placing my safety and security at risk.

Warden Lammer placed me in jepordy by failing to address the
misconduct claims against Officer Smith, failing to supervise as respondent
superior in and adaquate manor resulting in excessive force used on me By Officer
Klepz, Retaliation and harassment by Officer Smith, The fear of being placed in
a medium security institution, because of a false incident report and retaliation
has caused me mental and emoitional pain and suffering, physical injury, and
perminant scaring, injury to my back head and wrists..

<u>CLAIM 6</u>

**Excessive force, Cruel and Unusual Punishment, Intentutial Infliction of Emotional Distress, Failure to protect, Deliberate Indifference to my Serious Medical Needs, Due Process.**

**"Defendant"**    The United states Attorney General, and the Federal Bureau of Prisons.Director.

The Atorney General of the United States , And the Director of Bureau of Prison are respomsible for conduct created or inflicted upon the persons in there custody by the staff that are employed or contracted to employment with them  (see all Claims 1-5) under respondent superior.

## CERTIFICATE OF SERVICE

I do here by certify that the attached 1983  and Bivens claim and attached
exhibits are true and correct to the best of my knowledge and belief and
that i place the motion in the mail at F.C.I Oakdale 1 on December 18, 2020
and mailed it to the clerk of the u.S District Court for the southern district
of Indaiana with the proper postage affixed thereto.

S/ _Brian Broadfile_

D/ _12-18-2020_

## STATEMENT OF INTENT

THE PLAINTIFF

THE PLAINTIFF:

In the attached 42 U.S.C 1983& biviens Complaint the Plaintiff is requesting:

1. Compensitory damages from each Defendant in the sum of $5,000.000

2. Punitive damages from each defendant in the sum of $5,000.000

3. Imeadiate release from the custody of the Bureau of Prison, and The custody of the Attorny General of the United States Of America;


The plaintif Is stating that he is Sueing each defendant in the following:


1. In ecah defendants personal capacity..

2. In each defendants professional capacity..


I Brian D Broadfield Do here by sware under the penalty of perjury of law that the aforementioned it true and correct.

S/ _Brian Broadfield_

D/ _12-18-2020_